UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMPIRE FIRE AND MARINE INSURANCE COMPANY,

Plaintiff,

v.

QUEEN WASHINGTON, *et al.*,

Defendants.

Case No. C16-1596 RSM

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND/OR DEFAULT JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Summary Judgment and/or Default Judgment. Dkt. #31. Plaintiff Empire Fire and Marine Insurance Company ("Empire Fire") moves the Court for a declaratory judgment (and/or default judgment) that it had no duty to defend or indemnify Defendants Queen Washington and John Doe Washington and the marital community thereof in the underlying state court case at issue. *Id.* The Washington Defendants have not appeared in this action and default has been entered by the Clerk. Dkt. #29. Likewise, Defendants Shawnika Lawrence and John Doe Lawrence and the marital community thereof have not appeared in this action, and default has also been entered against them. *Id.* Defendants Mindy Wiscombe and Russell Wiscombe and the marital community thereof have appeared and opposed this motion. Dkt. #33. For the reasons discussed below, the Court now GRANTS Plaintiff's motion.

ORDER
PAGE - 1

## II. BACKGROUND

The facts leading to the instant matter do not appear to be in dispute. On or about November 30, 2012, Defendant Shawnika Lawrence rented a 2012 Mazda 6 from Enterprise Rent-a-Car. *See* Dkt. #32, Ex. 8. At the time of the rental, Ms. Lawrence accepted optional Supplemental Liability Protection ("SLP") coverage. *Id*. The SLP was available under an excess policy issued by Plaintiff Empire Fire. *See id.*, Exs. 7 and 8. Enterprise Holding, Inc. administered the policy. *Id.*, Ex. 7. On her rental agreement, Ms. Lawrence did not list any other persons as authorized drivers.[1] *Id.*, Ex. 8.

On the same day, the 2012 Mazda 6 was involved in an accident on Interstate 405 in Redmond, Washington, in which the Mazda rear-ended one car, which was pushed into another. *See* Dkt. #32, Ex. 6 at Findings of Fact 1-3. Those cars were occupied by Russell Wiscombe and Mindy Wiscombe in one car, and Mark McCrum and Pamela McCrum in the other. Dkt. #32. Exs. 1-2. At the time, it was not clear who had been driving the car, as further discussed below.

In February 2016, the Wiscombes filed a Complaint against Ms. Lawrence and (Defendant in this action) Queen Washington, in King County Superior Court. Dkt. #32, Ex. 1. The Wiscombes alleged that, "[o]n November 30, 2012, Russell Wiscombe was driving his 2004 Ford Focus southbound on Interstate 405 in Redmond, Washington. Mindy Wiscombe was a passenger in this vehicle. Plaintiff Russell Wiscombe was stopped for congested traffic." Dkt. #32, Ex. 1 at ¶¶ 6-7.

> Defendant Shawnika Lawrence or Defendant Queen Washington was driving a vehicle in the same direction as Mr. Wiscombe in the same lane of travel. It is unclear whether Ms. Lawrence or Ms. Washington was the actual driver of the vehicle. The police report identifies Ms. Lawrence as the driver. The

---

[1] To the extent that the Wiscombes ask the Court to strike this exhibit, *see* dkt. #33 at 5, the Court denies that request. Plaintiff's counsel has properly authenticated the document through her declaration under the penalty of perjury, stating that it is a true and correct copy, and that she has knowledge of her client's records. Dkts. #32 at ¶ 9, #35 at ¶¶ 9-12 and #36.

> defense claims that Ms. Washington was the actual driver. Whoever was driving did not stop with traffic. Her vehicle impacted the rear of the vehicle driven by Mr. Wiscombe, causing his vehicle to be pushed into the vehicle in front.

Dkt. #32, Ex. 1 at ¶ ¶ 8. As a result of the accident, the Wiscombes alleged that they suffered certain injuries. *Id.* at ¶ 9.

Subsequently, Mark McCrum and Pamela McCrum filed a Complaint against Ms. Lawrence and Ms. Washington in King County Superior Court. Dkt. #32, Ex. 2. The McCrums alleged that that they were injured in the same accident. *Id.* at ¶ 2.7. According to the McCrums, "either Defendant Shawnika Lawrence or Defendant Queen Washington rear ended the vehicle behind them at a high rate of speed, pushing that vehicle into the Plaintiffs' vehicle (the "Accident")." *Id.* at ¶ 2.1.

The two actions were later consolidated under Cause No. 15-2-28349-9SEA. Empire Fire retained defense counsel for Ms. Lawrence, who answered the Complaints and denied that she was driving at the time of the accident. Dkt. #32, Ex. 3. According to Ms. Lawrence, at the time of the subject accident, she was at home. *Id.*, Ex. 4 at ¶ 3. She was not driving the vehicle that was involved in the accident, and she was not involved in the accident. *Id.* Ms. Lawrence contends that Ms. Washington took her vehicle and drove it without her knowledge or permission. *Id.* at ¶ 4.

Shortly before trial, each of the plaintiffs in the underlying case settled their claims against Ms. Lawrence, with Empire Fire paying the following settlement amounts, and obtaining full releases for Ms. Lawrence:

Pamela McCrum     $50,000

MarkMcCrum     $70,000

Russell Wiscombe     $10,000

Mindy Wiscombe    $180,000

Dkt. #32 at ¶ 6 and Ex. 5.

Trial against Ms. Washington began on October 10, 2017, at which Ms. Washington did not appear. Accordingly, based on the evidence in the record at that time, the state court determined that Ms. Washington was driving the vehicle at the time of the accident. Dkt. #32, Ex. 6. The state court entered a default judgment against Ms. Washington on that date. *Id.*

In the meantime, Empire Fire brought a declaratory judgment action in this Court. Dkt. #1. Empire Fire seeks a declaratory judgment that Ms. Washington is not an Insured under the SLP agreement and therefore Empire Fire had no duty to indemnify or defend her in the underlying state court action. *Id.* Empire Fire asks the Court to interpret the SLP agreement as a matter of law.

As note above, in connection with the Enterprise car rental, Ms. Lawrence accepted optional SLP protection. Empire Fire issued SLP Policy No. RSI 5525807 to Enterprise Holdings Inc., for the period August 1, 2012 to August 1 2013. Dkt. #32, Ex. 7. The insuring agreement provides:

> A. <u>COVERAGE</u>
>
> 1. This policy provides excess auto liability insurance and only applies to a "loss" involving "bodily injury" . . . caused by an "accident" and resulting from the use of a covered "rental vehicle."
>
> 2. We will indemnify any "insured" for such "loss" in excess of the "underlying insurance" for which this coverage applies during the "coverage period," provided our liability shall apply only to the "ultimate net loss" in excess of such "underlying insurance."
>
> 3. We have no duty to defend any claim or "suit" made or brought against you if your "underlying insurance" has a duty to defend . . . .

Dkt. #32, Ex. 7 at 11 (underline in original).

The policy goes on to define "WHO IS AN INSURED":

1. <u>Only</u> the following are "insureds" under this policy:

    a. The "Rentee" who has:

    (1) Entered into a "rental agreement" with the "policyholder" shown in the Declarations; and

    (2) Elected under the "rental agreement" to purchase optional "supplemental rental liability insurance"; and

    (3) Paid for optional "supplemental rental liability insurance".

    b. Additional authorized drivers whose names appear on the "rental agreement," where the "rentee" has complied with a. (1), (2), and (3) above.

2. The following are <u>not</u> insureds under this policy:

    a. The "policyholder", "certificate holder" or owner of the "rental vehicle," or

    b. Any employee, agent or family member of the "policyholder" or "certificate holder," or

    c. Any driver who is not an authorized driver under the terms of the "rental agreement", or whose name does not appear on the "rental agreement."

Dkt. #32, Ex. 7 at 11-12 (underline in original). The policy also excludes coverage for "loss arising out of the operation of the "rental vehicle" by any driver who is not an "insured". *Id.* at 12, <u>Exclusions</u>, ¶ 4.

Under the Definitions section of the policy, the following applicable terms are defined:

F. "Insured" means the person or organization qualifying as an insured in the <u>WHO IS INSURED</u> provision of SECTION 1, Part B.

. . .

ORDER
PAGE - 5

  H. "Policyholder" means the person or organization listed in the declarations, or its subsidiaries.

  . . .

  K. "Rental agreement" means the rental contract by which the "rentee" rents or leases the "rental vehicle".

  L. "Rental vehicle" means the "auto" rented or leased by the "rentee" from the "policyholder" and described in the "rental agreement".

  M. "Rentee" means the person or organization who rents or leases a motor vehicle from the "policyholder".

  N. "Supplemental rental liability insurance" means optional excess liability made available to and elected by a "rentee" for which premium is paid.

Dkt. #32, Ex. 7 at 15.

  In this case, the applicable rental agreement shows "Shawnika Lawrence" as the renter. Dkt. #32, Ex. 8. The portion of the rental agreement stating "RENTER ACCEPTS OPTIONAL SUPPLEMENTAL LIABILITY PROTECTION (SLP) AT FEE SHOWN IN COLUMN TO RIGHT . . ." contains the initials of Ms. Lawrence next to the words "RENTER ACCEPTS SLP." *Id.* The portion of the rental agreement stating "ADDITIONAL AUTHORIZED DRIVERS" provides, "NO OTHER DRIVERS PERMITTED." *Id.*

### III.   DISCUSSION

**A. Standard of Review for Summary Judgment**

  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at

---

[2] The Court notes that Defendants still appear to be utilizing the former summary judgment standard – no genuine issue of material fact – which was changed in 2012 and is no longer utilized. *See* Dkt. #33 at 4.

ORDER
PAGE - 6

248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

Under Washington law, interpretation of an insurance contract is a question of law. *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 424, 38 P.3d 322 (2002). Determining whether coverage exists is a two-step process. The insured must first show the loss falls within the scope of the policy's insured losses. *McDonald v. State Farm Fire & Casualty Co.*, 119 Wn.2d 724, 731 837 P.2d 1000, 1003-1004 (1992). To avoid coverage, the insurer must then show the loss is excluded by specific policy language. *Id*. When interpreting an insurance policy, "ambiguities are resolved in favor of the policyholder." *Eurick v. Pemco Ins. Co.*, 108 Wn.2d 338, 340, 738 P.2d 251, 252 (1987) (citing *E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 907, 726 P.2d 439 (1986)). In addition, "exclusionary clauses are to be construed strictly against the insurer." *Id.* (citing *Farmers Ins. Co. v. Clure*, 41 Wn. App. 212, 215, 702 P.2d 1247 (1985)). "The terms of a policy should be given a fair, reasonable, and sensible construction as

would be given to the contract by the average person purchasing insurance." *Overton*, 145 Wn.2d at 424. Furthermore, a policy must be considered "as a whole," including riders or endorsements. *Kitsap Cty. v. Allstate Ins. Co.*, 964 P.2d 1173, 1177 (Wash. 1998). Defined terms "should be interpreted in accordance with [the] policy definition." *Id*.

B. **Coverage Pertaining to Ms. Washington**

As Plaintiff notes, the duty to defend "arises when a complaint against the insured construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Nat'l Sur. Corp. v. lmmunex Corp.,* 176 Wn. 2d 872, 878-89, 297 P.3d 688 (2013). On the other hand, the duty to indemnify "hinges on the insured's actual liability to the claimant and actual coverage under the policy." *Hayden v. Mut. Of Enumclaw Ins. Co.,* 141 Wn. 2d 55, 64, 1 P.3d 1167 (2000) *(en banc)*. "An insurer's duty to pay, in contrast to the duty to defend, depends upon the actual determination of factual issues related to coverage." *W. Nat'l Assurance Co. v. Hecker,* 43 Wn. App. 816, 820-21, 719 P.2d 954 (1986).

In the instant case, the Court agrees with Empire Fire that it had no duty to defend or indemnify Queen Washington (or John Doe Washington) in the underlying action. There are no ambiguities in the insuring agreement. Under the applicable definitions, Shawnika Lawrence was the "rentee" who entered into the "rental agreement" with the "policyholder." Dkt. #32, Exs. 7 and 8. The rental agreement reveals that that Ms. Lawrence elected optional supplemental liability protection, and paid $15 per day for the protection. Thus, she is an "insured" under the terms of Section I, Part B, 1a. of the SLP. Dkt. #32, Ex. 7. On the other hand, Queen Washington was not an insured under the SLP. Section I, Part B, 1b. of the SLP includes as an "insured" "[a]dditional authorized drivers whose names appear on the "rental agreement". Queen Washington's name does not appear on the "rental agreement"; therefore, she is not an insured. Indeed, in the portion of the rental agreement that states "ADDITIONAL AUTHORIZED

ORDER
PAGE - 8

DRIVERS", the rental agreement explicitly provides that "NO OTHER DRIVERS [are] PERMITTED." Ms. Lawrence signed the space directly below these words. Dkt. #32, Ex. 8.

Further, the SLP also explicitly excludes "[a]ny driver who is not an authorized driver under the terms of the 'rental agreement,' or whose name does not appear on the 'rental agreement.'" Dkt. #32, Ex. 7. Ms. Washington was not an authorized driver under the terms of the rental agreement, and her name does not appear on the rental agreement. Accordingly, she is not an insured under the SLP and is not covered under the insuring agreement.

For these reasons, the Court agrees that Plaintiff is entitled to a declaratory judgment establishing that it had no obligation to defend or indemnify the Washington Defendants in the underlying state court action, and that there is no coverage available under the SLP policy for the default judgment that has been entered against her in the underlying action. Further, the Wiscombe Defendants' arguments in opposition to this motion do not persuade the Court to reach any other conclusion. Not only do the Wiscombes raise largely irrelevant arguments, they fail to cite any controlling authority in support of those arguments.

For example, the Wiscombes argue that there are several ambiguities in the policy that require discovery which they allege Plaintiff has failed to provide. Dkt. #33 at 6-8. First, the Court has already determined there are no ambiguities in the policy language. The Wiscombes state that they need discovery on any "underlying policies" to determine the scope of coverage, yet they fail to recognize that they did not actually seek such discovery in this action, and they apparently received relevant documents in the underlying state court action. Dkt. #35 at ¶ ¶ 14-15 and Exs. 10 and 11 thereto. Thus, the Court finds that argument disingenuous. The Wiscombes also speculate that the "young driver" charge on the rental agreement applies to Ms. Washington and therefore she may have been covered by the SLP. Dkt. #33 at 6-7. Yet they present no evidence from which the Court could reasonably infer Ms. Washington's age. On the other hand, the record reflects that Ms.

ORDER
PAGE - 9

Lawrence herself was under the age of 30 at the time she rented the vehicle, and it appears on the fac of the document that the terms apply to her as the "rentee". Dkt. #32, Ex. 8.

The Wiscombes also argue at length that no evidence demonstrates whether Ms. Lawrence received notice of the SLP coverage limits. Dkt. #33 at 7-8. The Wiscombes fail to demonstrate how this would affect any coverage for Ms. Washington, why that issue is not one solely between Ms. Lawrence and her Insurer, and how they have standing to assert such argument. Likewise, they argue that by defending Ms. Lawrence, Plaintiff waived its right to decline to defend and indemnify Ms. Washington. Dkt. #33 at 8-9. They provide no legal authority to support that assertion, and this Court knows of none.

The Wiscombes then appear to argue that Plaintiff's interpretation of its insuring agreement violates two Washington state statutes – portions of RCW 46.29 and RCW 46.30. Dkt. #33 at 9-11. However, the Wiscombes misconstrue the meaning and applicability of those statutes. The stated purpose of RCW 46.29, *et seq.* is to ensure uniform financial responsibility pertaining to motor vehicles and in an effort to avoid conflicts with other states. RCW 46.29.010. The statute then goes on to set forth provisions for providing security after an accident, which apply to the driver and owner of the vehicle. RCW 46.29.060, *et seq.* Contrary to the Wiscombes' assertions, RCW 46.29.090 merely requires that to be effective, insurance policies in Washington must be insued by companies authorized to do business in the state. Similarly, RCW 46.30, *et seq.* requires drivers to be insured if they operate a motor vehicle, and sets forth certain violations of the requirements and penalties for such violations. The Wiscombes fail to demonstrate how the current interpretation of the SLP agreement violates those statutes.

Finally, the Wiscombes argue that summary judgment should be denied because Plaintiff failed to join necessary parties. Dkt. #33 at 11-12. Specifically, they argue that Plaintiff was required to join the underlying insurer and Enterprise. *Id.* Again, they fail to cite to any controlling legal

authority for this position. Moreover, they failed to assert such an affirmative defense in their Answer. *See* Dkt. #9. In addition, there is no proof of any underlying Insurer required to be joined in this action.

For all of these reasons, the Court GRANTS Plaintiff's motion and will enter judgment accordingly.

## IV.    CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) Plaintiff's Motion for Summary Judgment and/or Default Judgment (Dkt. #31) is GRANTED.

2) The Court will enter a default judgment against the Washington Defendants and the Lawrence Defendants, and summary judgment as to the Wiscombes and McCrums stating that Queen Washington was not an insured under the Empire Fire policy; Empire Fire had no duty to defend or indemnify Queen Washington in the underlying action; and Empire Fire is not responsible for paying the default judgment entered therein, because Queen Washington is not an insured under its policy.

3) Defendants McCrums' Counterclaim (Dkt. #19) is DISMISSED with prejudice for the same reasons stated above.

4) This matter is now CLOSED.

DATED this 15th day of December 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE